Birchard, C. J.
This was a suit upon the official bond of the Town Marshal. The action was joint. The bond when *97 offered in evidence was objected to on the ground of variance from the one set forth in the declaration. The bond is in these words: “ Know all men by these presents that we Adam J. C. Cassel (and others naming them) are held and firmly bound unto the Town Council of the Town of Lancaster, in the penal sum of three thousand dollars, lawful money of the United States, for the true and faithful payment of which we do hereby bind ourselves, our heirs, executors- and administrators, firmly and severally by these presents/’ &c.
If this is a several, and not a joint, or joint and several obligation, the Court below erred in admitting it in evidence. What then is its true character? The first clause of the obligation acknowledges a joint indebtedness,, “ we are held and firmly bound in the penal sum,” &c. “ for the true and faithful payment of which we bind ourselves firmly.” Thus far, the obligation is clearly á joint one. Had the draftsman added nothing more, there would be no room to doubt as to the character of the engagement. It would be too clearly a joint contract to admit of argument. But there comes next after the word firmly the words “ and severally,” from which words it is argued that the force of the prior general language of the instrument is so controlled, that the character of the whole instrument is changed. No such conclusion follows. The word “ severally” might have been so placed in the obligation as to exclude the idea of a joint liability. Yet it is not. It follows the copulative and, which so connects it with the preceding sentence as to imply an addition to, or enlargement of the liability previously expressed, and not a restriction or limitation upon the preceding member of the sentence. The force, of the engagement, supplying the elipsis, is this: “ for the payment of which we bind ourselves and our heirs firmly,” and (for the payment of which we bind ourselves and our heirs) “ severally by these presents.” This makes the bond a joint and several obligation. The Court therefore did not err in holding that it was well described in the declaration.
The next error assigned is, that the Court sustained the de *98 murrer to defendants’ rejoinder to plaintiffs’ replication to defendant’s fifth plea to the second breach set forth in the declaration. The demurrer reaches back to the first defect in pleading. The substance of the second breach assigned in the declaration, is, that Short, being Marshal, and having the duplicate of taxes in his hand for collection, did collect about $2000 thereon, in receipts of indebtedness of said town, and receipted therefor as money, and afterwards sold and converted the same to his own use, contrary to his duty as Marshal, &c.
The substance of the fifth plea, to this breach, is, that before Short collected any money on the duplicate, the plaintiff, without the knowledge or consent of defendants, authorized the Marshal to receive the said certificates in the breach mentioned, commonly called shinplasters. Now this plea stops short of answering the whole breach. It does not even profess to notice the sale and conversion of the shinplasters to the use of the Marshal. It is a bad plea. The gravamen of the breach was not merely the receiving the certificates of indebtedness as money, but the receiving and using of them for private purposes. If authorized to receive this description of paper as money, in payment of taxes, it was his duty to pay it over, when collected, to the treasurer, as money.
But it is said that these persons are securities, and cannot be bound beyond the scope of their undertaking. That the obligation resting upon them shall not be extended by implication. The doctrine is sound, yet its applicability is not perceived.
The receipt of the duplicate of taxes by the Marshal, imposed upon him the burthen of accounting for the amount of taxes appearing to be due thereon. Whether he received the whole amount in money, or under lawful authority received a part or all in evidences of debt existing against the Town Council, his liability was still the same, i. e. for the amount of the duplicate. If faithful, his securities had no cause to complain. If unfaithful, they had agreed to be bound for his misconduct. This view of the fifth plea renders it unnecessary to notice the objections taken by counsel to the subsequent pleadings.

Judgment affirmed.